# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

<table>
<tr><td>CHAMBERS OF<br>J. FREDERICK MOTZ<br>UNITED STATES DISTRICT JUDGE</td><td>101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-0782<br>(410) 962-2698 FAX</td></tr>
</table>

August 25, 2005


Memo To Counsel Re: Timothy Zinkand v. Anne Arundel County
Civil No. JFM-03-1057

Dear Counsel:

I have reviewed the memoranda submitted in connection with Anne Arundel County's motion for summary judgment as to counts I and II and the individual defendants' motion for summary judgment as to counts III and V. The motions will be granted.

Plaintiff has filed no opposition to the motions insofar as they relate to the § 1983 claim against the County, the claims against the individual defendants other than defendant Brown, and the claim against defendant Brown for intentional infliction of emotional distress. As to the § 1983 claim against the County, the law is clear that the County cannot be held liable under the doctrine of *respondeat superior*, and there is no evidence in the summary judgment record to support a claim that anything that occurred was the result of an unconstitutional policy, practice, or custom - a necessary predicate to a § 1983 claim against the municipality. *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Plaintiff likewise has presented no evidence to support a claim against an individual defendant other than Brown. Likewise, he has presented no evidence to demonstrate that Brown's alleged conduct was "extreme and outrageous," as required to sustain a claim for intentional infliction of emotional distress. *See generally Harris v. Jones*, 281 Md. 560, 566, 380 A.2d 611, 614 (1977).

Brown argues that the only remaining claim against him - the one asserted in Count III - is for negligence. Plaintiff does not contend that a claim for negligence against a police officer is viable under Maryland law. Rather, he argues that count III includes a claim for battery as well as one for negligence. The contention is unpersuasive. The count is captioned "negligence," and it includes allegations concerning all of the elements generally associated with a negligence claim: duty, standard of care, breach of duty and standard of care, and proximate cause. Although the count does contain the paragraph making an allegation that plaintiff suffered damages "due to the intentional, reckless, wanton and malicious actions of the Defendants," this allegation alone does not convert the claim to one of battery.

In effect, plaintiff is seeking a *de facto* amendment of his pleadings. The deadline for amended pleadings, expired long ago, on December 8, 2003. In any event, even if count III is deemed to include a claim for battery, plaintiff has not presented on the summary judgment record sufficient evidence to demonstrate that Brown acted with malice as required to defeat his public official immunity. *See* Maryland Code Ann., Cts. & Jud. Proc. Art. § 5-511. Although

there is some dispute as to the amount of force that was used, plaintiff has presented no evidence that Brown used force that was so disproportionate to the circumstances presented that his malice can be inferred.  Likewise, the facts that one of the officers allegedly told plaintiff that he was being arrested for "mopery" (having sex with animals) and that an officer commented, when seeing a handicap sticker in his car, that plaintiff did not appear to be disabled, do not give rise to an implication of malice.  Furthermore, plaintiff is unable to attribute either of the remarks to Brown.

A separate order granting defendant's motion is being entered herewith.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge